UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

EUGENE ERICK FORT,                                    Civil No. 14-993 (JNE/TNL)

          Petitioner,

    v.                                                   **REPORT AND RECOMMENDATION**

MICHELLE SMITH,

          Respondent.

       This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and motion to stay (ECF No. 4). The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts[1] and the motion to stay be denied as moot.

## I. BACKGROUND

### A. Post-Conviction Proceedings

       Petitioner is a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota. He is serving a sentence of life-in-prison, which was imposed in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty on two counts of first-degree murder. (Petition at 2-3.)

       On direct appeal, one of Petitioner's first-degree murder convictions was vacated,

---

    [1] Rule 4 provides that "[i]f  it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

but the remaining conviction, and the concomitant life sentence, were upheld. State v. Fort, 768 N.W.2d 335 (Minn. 2009). In July 2011, Petitioner filed a post-conviction motion in the state trial court, claiming that he should be granted a new trial based on newly discovered evidence and ineffective assistance of counsel. The post-conviction motion was denied, and Petitioner then filed a second appeal. On April 17, 2013, the Minnesota Supreme Court affirmed the trial court's ruling on Petitioner's post-conviction motion. Fort v. State, 829 N.W.2d 28 (Minn. 2013).

Petitioner's current habeas corpus petition, which was filed on April 7, 2014, presents two grounds for relief, which Petitioner has identified as follows:

(1) "Ineffective assistance of counsel – trial and appeal counsels;" and

(2) "Prosecutory misconduct."

(Petition at 7-8.)

Petitioner represents that his first ground for relief was raised in the Minnesota state courts, (id. at 7), but he acknowledges that his second ground for relief has not been raised in state court, (id. at 9). Petitioner contends that he did not know about his current "prosecutory misconduct" claim, (ground two), until after his state post-conviction proceedings were fully completed. (Id.) Petitioner's second ground for relief has never been raised in any state court proceeding and therefore, he has not satisfied the exhaustion-of-state-court-remedies requirement prescribed by federal law.

**B. Motion to Stay**

On April 17, 2014, ten days after filing his initial habeas corpus petition, Petitioner filed a motion to stay his petition. In support of his motion, Petitioner simply stated that "[he] would like to stay his federal petition so he can petition the district court under Minn.

Stat. 590, 01-02[.]" (Mot. to Stay at 1.)  Presumably, Petitioner desired to stay his habeas

corpus proceeding so that he could exhaust his claims in state court.

On June 5, 2014, this Court issued an Order (ECF No. 5) requiring Petitioner to file

a memorandum and affidavit showing good cause to stay the proceedings; explaining how

he exhausted his state court remedies with respect to his ineffective-assistance-of-counsel

claim; and establishing why his habeas petition should not be dismissed as untimely.

(Order at 8-9.)  The Court indicated that failure to provide the memorandum and affidavit

would result in the Court treating the motion to stay as abandoned and deciding the habeas

petition on the claims in the original habeas petition.   (Id. at 5, 9.)  Petitioner was initially

given until July 7, 2014, to file such memorandum and affidavit.  (Id. at 9.)  On June 5,

2014, however, Petitioner sent a letter (ECF No. 6) following up on the status of his habeas

petition, which appears to have crossed in the mail with the Court's Order.  Consequently,

the Court extended Petitioner's time to respond to its original Order until September 30,

2014.  (Order at 2, ECF No. 7.)

The Court has not heard anything further from Petitioner since his June 5, 2014,

letter.  Petitioner is consequently deemed to have abandoned his motion for a stay and the

Court will decide this matter based solely on the claims presented in the current petition.

## II.  DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of

habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all

available state court remedies for all of his claims.  28 U.S.C. § 2254(b); O'Sullivan v.

Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion-

of-state-court-remedies requirement is based on the principles of comity and federalism;

its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion-of-state-court-remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion-of-state-court-remedies requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and quotations omitted).

A habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition.  A "mixed petition"—i.e., one that includes both exhausted and unexhausted claims—must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, Petitioner acknowledges that one of his current claims for relief—"Ground Two" of his petition—has not been raised in the state courts.  (See Petition at 9.) As noted above, Petitioner contends that he could not have raised Ground Two in any of his prior state court proceedings because the claim was not known to him until after his state post-conviction action was fully completed.  If Ground Two of the current petition is indeed predicated on some previously unknown (and unknowable) facts and

circumstances, then it is at least conceivable that the Minnesota state courts would consider that claim if it were raised in a new state post-conviction motion. See Powers v. State, 695 N.W.2d 371, 374 (Minn. 2005) (suggesting that claims raised in a second post-conviction motion can be reviewable "(1) where a novel legal issue is presented; or (2) where the interests of fairness require relief"). In any event, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether Petitioner's unexhausted claim can still be heard and decided on the merits in state court. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").

Because Petitioner has not met the exhaustion-of-state-court-remedies requirement for at least one of his current claims for relief, he has filed a "mixed petition." The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, it will be recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim by filing a new state post-conviction motion pursuant to Minn. Stat. § 590.01. Petitioner may return to federal court (if necessary) after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993); see also Nelson, 714 F.2d at 60.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that

includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D. Iowa 1999).  If Petitioner intends to exercise that option here, he must file an entirely new amended petition that includes only fully exhausted claims, and he must do so before the deadline for filing objections to this Report and Recommendation.[2]  If Petitioner does not file an amended petition before that deadline, he should be deemed to have waived the option to amend, and this action should be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  See 28 U.S.C. § 2244(b)(2).

## III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

---

[2] If Petitioner elects to file an amended petition that presents only his fully exhausted claims, it would be behoove him to present his claims in greater detail.  Petitioner's current presentation of his claims is deficient because he has not adequately explained the factual and legal bases for his claims.  Petitioner cannot be granted a writ of habeas corpus for any claim unless he satisfies the stringent standards prescribed by 28 U.S.C. § 2254(d).

In this case, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would treat Petitioner's current habeas corpus petition any differently than it is being treated here.   Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.   It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

[Continued on next page.]

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1. Petitioner's Motion to Stay (ECF No. 4) be **DENIED AS MOOT.**

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

3.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: November ___21___, 2014

_____*s/ Tony N. Leung*_____
TONY N. LEUNG
United States Magistrate Judge

Fort v. Smith
Case No. 14-cv-993 (JNE/TNL)

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 22, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.